# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARIA PASCUAL, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff* | § § | |
| v. | § § | |
| ABILITY RECOVERY SERVICES, LLC | § § § | CASE NUMBER: 1:19-cv-00234 |
| & | § § | |
| PENDRICK CAPITAL PARTNERS, LLC | § § § | DEMAND FOR JURY TRIAL |
| & | § § | |
| JOHN DOES 1-25, | § § | |
| *Defendants.* | § § | |

## PLAINTIFF'S COMPLAINT-CLASS ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Maria Pascual ("Plaintiff" or "Pascual" herein), brings this action, individually and on behalf of others similarly situated, against Defendants, Ability Recovery Services, LLC ("Ability Recovery" herein), and Pendrick Capital Partners, LLC ("Pendrick" herein), and John Does 1-25, collectively ("Defendants") and will show as follows:

1

## PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury as a result of Defendants' violations contained herein.

6. Plaintiff further suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Maria Pascual, is an individual who resides in Williamson County, Texas.

8. Defendant, Ability Recovery Services, LLC, is a Pennsylvania Limited Liability Company that is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, at the following address:

> Corporation Service Company DBA CSC – Lawyers INCO
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

9. Pendrick Capital Partners, LLC, is a Delaware Limited Liability Company, with a service address at the following address:

> The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, DE 19801

10. John Does 1-25, are fictitious names of individuals and businesses that Plaintiff alleges for the purpose of substituting names of defendants whose identities are unknown but may be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

11. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

12. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes, for certain medical treatment that she received from Emergency Physicians of Central Texas ("alleged debt" herein).

13. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

14. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

15. The alleged debt was subsequently sold to Pendrick, a debt buyer and debt collector.

16. Pendrick, in turn, contracted with Ability Recovery, for the purposes of collecting the alleged debt.

17. Both Ability Recovery and Pendrick regularly collect or attempt to collect defaulted consumer debts by using the telephone and mails.

18. Ability Recovery is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

19. Pendrick is also a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA in so much as Pendrick acquired the alleged debt for the purposes of collection, and outsourced such debt collection to Ability Recovery, another debt collection agency.

20. The principal business model of Pendrick is for debt collection of medical debts whereby Pendrick first acquires the debt and then utilizes different collection agencies to collect the debt.

21. Plaintiff has information and belief that since 2010, Pendrick has acquired more than 75 million accounts totaling over $25 billion.

22. On or about February 19, 2019, Ability Recovery sent to Plaintiff a collection letter ("Letter" or "Exhibit A" herein that is partially redacted in accordance with FRCP 5.2) whereby Ability Recovery sought to collect a balance of $3934.00 regarding the alleged debt.

23. The language of the Letter further indicated that the Letter was also a solicitation to resolve the alleged debt for a discount. The Letter also created a sense of urgency by stating that "we are not obligated to renew this offer".

24. The Letter further contained an itemization of four charges on four different dates for the same original creditor, Emergency Physicians of Central Texas.

25. However, at least two of the unpaid charges, totaling approximately $2080.00 of the alleged debt, and more than 50% the balance, were time barred under Texas statute of limitations. The two charges accrued in 2014, more than four years before the date of the Letter.

26. The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

27. The Letter was a form of "debt collection" as that term is defined by §392.001(5).

28. The Letter was false and misleading to the unsophisticated/least sophisticated consumer in so much as it failed to disclose in any way a) that the majority of the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016). An unsophisticated/least sophisticated consumer could easily believe that failure to pay the alleged debt could result in a lawsuit to enforce the entire balance, notwithstanding the fact that the majority of the debt is legally unenforceable.

29. Plaintiff alleges that Pendrick is vicariously liable for the conduct of Ability Recovery under the FDCPA for all claims that are the basis of this complaint. Specifically, Plaintiff has information and belief that a) Pendrick is responsible for the actions of Ability Recovery for the collection of the alleged debt, b) Pendrick exercised control in the manner in which Ability Recovery collected the alleged debt, c) Pendrick advertises that debt collectors, including Ability Recovery, are required to following "Standard Operating Procedures" and that the debt collectors are regularly audited. See Barbato v. Greystone All., No. 18-1042, 2019 U.S. App. LEXIS 5336 (3d Cir. Feb. 22, 2019).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

   **FALSE OR MISLEADING REPRESENTATIONS**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **(2) The false representation of—
   (A) the character, amount, or legal status of any debt;**

   **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

32. Defendants violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection and settlement of over $2000.00 in consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34. **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

   **UNFAIR PRACTICES**

   **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

35. Plaintiff alleges that the Letter constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt without disclosing the debt is time barred and unenforceable and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations.

## REQUEST FOR ATTORNEYS' FEES

36. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and any other statutory or common law basis.

## CLASS ACTION

37. This action is brought by the named Plaintiff as a class action on behalf of herself and on behalf of others similarly situated ("Class" herein) in accordance with FRCP 23.

38. The Class is defined as consumers with addresses in Texas who meet all of the following criteria: i) All individuals to whom Ability Recovery, in the year prior to the filing of the original complaint in this action and on or before a date twenty-one (21) days after the filing of this action, mailed a collection notice on behalf of Pendrick iii) in an attempt to collect a debt that was incurred more than 4 years prior to the date of the collection notice and where 4) the

collection notice did not contain any disclosure that the alleged debt was time barred and that any payment could restart the statute of limitations.

39. However, Plaintiff excludes from the Class the Defendants as well as all officers, members, managers, partners, directors and employees of the Defendants, including and not limited to their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

40. There are common questions of law and fact that related to or affect the rights and interests of each member of the Class against the Defendants.

41. Although Plaintiff does not know of the exact number of class members at this time, Plaintiff alleges that the Class is so numerous that joinder of all such members would be impractical.

42. The relief sought by Class are essentially identical to the individual Plaintiff. The claims of the Plaintiff are typical to the claims of the Class in that all members of the Class received similar debt collection notices and/or were subject to debt collection efforts by Ability Recovery on behalf of Pendrick.

43. The Plaintiff is the representative party for the Class and she is able to fairly and adequately represent the interest of the Class.  No know conflict exists between the Plaintiff and the Class.

44. All of the claims of Plaintiff in this lawsuit and the Class were caused by the same set of facts and act and omissions of Defendants.

45.  The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  A Class Action will offer the advantage of enabling a large number of similarly situated persons, who otherwise may not be able to prosecute individual claims, to prosecute their common claims in a single forum without the duplication of resources from individual actions.

46.  Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maria Pascual, individually and on behalf of others similarly situated, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and the Class against Defendants, jointly and severally, as follows:

a.  The Court certify as a class all similarly situated class members as alleged in this Complaint in accordance with FRCP 23 for the alleged violations of 15 U.S.C. §1692 *et seq.;*

b.  The Court certify Plaintiff as Class representative and certify the undersigned counsel, Brent A. Devere, as Class Counsel;

c.  The Court award Plaintiff, including the Class, actual damages as per 15 U.S.C. §1692(k)(a)(1) and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(2)(A) and 15 U.S.C. §1692(k)(a)(2)(B) and;

    d.  The Court award Plaintiff, including the Class, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

    e.  The Court award Plaintiff, including the Class, prejudgment and post judgment interest as allowed by law;

    f.  The Court grant Plaintiff, including the Class, such further relief to which Plaintiff and the Class may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiff*